### M. J. Pepard *vs.* B. S. Lewis, impleaded, etc.

### July 25, 1887.

Evidence *held* not to sustain the verdict.

Plaintiff brought this action in the district court for McLeod county, to reform and foreclose a mortgage. Certain issues of fact, involving the questions whether the defendant B. S. Lewis purchased the premises in controversy in good faith and without notice of plaintiff's mortgage, and whether J. V. V. Lewis acted as agent for B. S. Lewis in such purchase, were submitted to a jury, who found in favor of plaintiff. Judgment was directed for plaintiff by *Macdonald,* J., and defendant B. S. Lewis appeals from an order refusing a new trial.

*M. O. Little* and *B. S. Lewis,* for appellant.

*Peck & Brown,* for respondent.

Gilfillan, C. J.[1] One House executed a mortgage on certain real estate to the defendants Sumner, and they assigned it to plaintiff. There was an error in recording the mortgage, so that the record did not truly describe the premises. Afterwards House conveyed to one Knott; the latter conveyed to Hattie T. Lewis; the latter to A. T.

[1] Berry, J., because of illness, took no part in this case.

Tracy; and she conveyed to B. S. Lewis, who alone defends the action, which is brought to foreclose the mortgage.

If he was a purchaser for a valuable consideration, and without notice of the mortgage, his title is free from it. That he paid a valuable consideration for the property is beyond doubt. And on the evidence there can be no claim that he had personal notice of the mortgage. But one J. V. V. Lewis certainly knew of the mortgage, and it is claimed, and the jury found as a fact, that in the purchase of the land he acted as the agent of B. S. Lewis, so as to charge the latter with the notice that he himself had. The sufficiency of the evidence to sustain this finding is really the only question here presented. On this point the case, as presented by the evidence, is that J. V. V. Lewis, who is a brother of B. S. Lewis, applied to him for $500, which he desired to use in a business transaction he was about to enter upon, and offered to convey, or to have Tracy convey to him, the lot for the $500. The offer was accepted by B. S., and pursuant to it J. V. V. procured Tracy to convey the lot to him. In this there was no agency between the two Lewises. They dealt as principals, and J. V. V. Lewis and Tracy dealt as principals. Whatever consideration or inducement there was to Tracy for making the conveyance came from J. V. V., and B. S. had nothing to do with it, and what B. S. paid J. V. V., Tracy had nothing to do with,—was no way interested in. The transaction was the not unusual one of a purchaser of real estate from one who does not hold the title, but who can procure a conveyance of it, and therefore assumes to sell it.

Order reversed.